NO. 16-1697

# In the United States Court of Appeals for the Eighth Circuit

DORIAN JOHNSON,

*Appellee/Plaintiff*,

v.

THE CITY OF FERGUSON, MISSOURI; FERGUSON POLICE CHIEF THOMAS JACKSON, AND FERGUSON POLICE OFFICER DARREN WILSON,

*Appellants/Defendants*.

On Appeal from the United States District Court
For the Eastern District of Missouri, Eastern Division
Cause No. 4:15-CV-00832 AGF
The Honorable Audrey G. Fleissig

## APPELLANTS/DEFENDANTS' PETITION FOR REHEARING EN BANC

PITZER SNODGRASS, P.C.
Peter J. Dunne #31482
dunne@pspclaw.com
Robert T. Plunkert #62064
plunkert@pspclaw.com
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545 -(314) 421-3144 (Fax)
Attorneys for Appellants

{01947285.DOCX;1}

## FEDERAL RULE OF APPELLATE PROCEDURE 35(B) STATEMENT

Appellants respectfully state this proceeding involves the following questions of exceptional importance not previously addressed by this Court but addressed by other Courts of Appeal: Does a temporary, momentary pause or inaction during which an officer is unable to exit his vehicle and otherwise address a suspect who was not physically touched constitute a realistic or meaningful seizure within the penumbra of the Fourth Amendment?[1] Was this clearly established law as of August 9, 2014?

[1] In the event this Court disagrees, Appellants respectfully and alternatively state the divided panel's decision conflicts with decisions of the United States Supreme Court (*California v. Hodari D.*, 499 U.S. 621, 626 (1991) ("The narrow question before us is whether, with respect to a show of authority as with respect to application of physical force, a seizure occurs even though the subject does not yield. We hold that it does not.") and also of the Eighth Circuit Court (*Cole v. Bone*, 993 F.2d 1328, 1333 (8th Cir. 1993) ("The pursuit in and of itself did not constitute a seizure, because it did not produce a stop. . . . Likewise, shots that were fired at the truck and that did not hit Cole were not seizures because they too failed to produce a stop.") (internal citation omitted)) and consideration by the full court is therefore necessary to secure and maintain uniformity of the court's decisions.

{01947285.DOCX;1}

Appellate Case: 16-1697 Page: 2 Date Filed: 08/04/2017 Entry ID: 4565061

## REASONS FOR GRANTING REHEARING EN BANC

Appellants seek review of the divided panel's opinion affirming the District Court's denial of qualified immunity to Thomas Jackson and Darren Wilson (and due to pendent jurisdiction, the decision not dismissing the City of Ferguson).

Plaintiff/Appellee Dorian Johnson ("Appellee") has alleged Michael Brown and he were walking down Canfield Drive on August 9, 2014. Appellee alleged Officer Wilson ordered the pair to "Get the f*ck on the sidewalk," and then drove his marked police vehicle several yards further. Appellee alleged Officer Wilson stopped, abruptly put his vehicle into reverse, parked his vehicle at an angle so as to block the pair's paths of travel, opened his vehicle driver's door striking Mr. Brown, grabbed hold of Mr. Brown, threatened to shoot his weapon as Mr. Brown struggled to break free, and discharged his weapon twice. Appellee alleged at that point he "ran away" "fearing for his life." Plaintiff alleged at no point did Officer Wilson order him to stop or freeze.

Appellants will explain why this case raises questions of exceptional importance by discussing: I) the significance of *California v. Hodari D.* with respect to actual submission to authority; II) the significance of subsequent circuit court decisions regarding actual submission to authority and the nature of the interaction; III) the facts alleged, in a light most favorable to Appellee, fall short of

Appellate Case: 16-1697 Page: 3 Date Filed: 08/04/2017 Entry ID: 4565061

a seizure as Officer Wilson was unable to exit his vehicle or address Appellee before Appellee ran away; and IV) the manner in which this Court (en banc) should reframe the issue regarding actual submission to authority and a seizure on rehearing.

*I. The Eighth Circuit's decision must comply with* California v. Hodari D.

The United States Supreme Court has been clear in its jurisprudence regarding the Fourth Amendment and the legal tenet that an individual who flees from law enforcement has not been seized. In the seminal decision of *California v. Hodari D.*, the late Justice Antonin Scalia held a seizure does not occur where a subject does not yield to a show of authority with respect to an application of physical force. 499 U.S. at 626. The facts of *Hodari D.* included four or five youths huddled around a parked car, arrival of the police, panic by the youths, and flight to the youths (including Hodari D., who tossed a small rock found to be crack cocaine before he was tackled by the police). *Id.* at 622–23.

As "Hodari was untouched by Officer Pertoso[,]" the Court held that, assuming there to be a showing of authority, there had to be "*submission* to the assertion of authority" for there to be a seizure. *Id.* at 625–26 (original emphasis). The Court held Hodari did not comply with the injunction of the show of authority and therefore was not seized until he was tackled. *Id.* at 629. The Court expressed significant policy considerations in support of its holding, stating:

Appellate Case: 16-1697 Page: 4 Date Filed: 08/04/2017 Entry ID: 4565061

> We do not think it desirable, even as a policy matter, to stretch the Fourth Amendment beyond its words and beyond the meaning of arrest, as respondent urges. Street pursuits always place the public at some risk, and compliance with police orders to stop should therefore be encouraged. Only a few of those orders, we must presume, will be without adequate basis, and since the addressee has no ready means of identifying the deficient ones it almost invariably is the responsible course to comply. Unlawful orders will not be deterred, moreover, by sanctioning through the exclusionary rule those of them that are not obeyed. Since policemen do not command "Stop!" expecting to be ignored, or give chase hoping to be outrun, it fully suffices to apply the deterrent to their genuine, successful seizures.

*Id.* at 627. The holding in *Hodari D.* has been upheld and reaffirmed by the U.S. Supreme Court. *See Brendlin v. California*, 551 U.S. 249, 254 (2007) ("[T]here is no seizure without actual submission.").

## II. *Several Circuit Courts have found where a stop is temporary and there is no actual submission, there is no seizure under the Fourth Amendment and* Hodari D.

How long must an individual stop before the individual is seized under the Fourth Amendment?

The Second Circuit Court of Appeals addressed this in *U.S. v. Baldwin*, stating the question is "not predicated on the brevity of Baldwin's stop, but on the fact that the stop itself did not constitute submission. In other words, it is the nature of the interaction, and not its length, that matters." 496 F.3d 215, 219 (2d Cir. 2007). In *Baldwin*, the Court found a suspect who had stopped his vehicle pursuant to a traffic stop, but drove away just before the two police officers reached his vehicle on foot, was not seized. *Id.* at 217. The Court found it insignificant that the suspect was halted for any particular duration of time, and stated, "We hold that, to comply with an order to stop—and thus become seized—a suspect must do more than halt temporarily; he must submit to police authority, for 'there is no seizure without actual submission.'" *Id.* at 218 (*quoting Brendlin*, 551 U.S. at 254).

The Tenth Circuit has followed the Second Circuit's interpretation of *Hodari D.* and the seizure requirement of the Fourth Amendment. The Tenth Circuit found a suspect who slowly reversed his vehicle away from a marked patrol vehicle (lights activated) who stopped in front of the suspect's vehicle, then drove forward to the driver's side of the patrol vehicle, was not seized until he complied with the command to get out of the pickup truck. *U.S. v. Salazar*, 609 F.3d 1059, 1061–62, 1066–67 (10th Cir. 2010) (citing *U.S. v. Letsinger*, 93 F.3d 140, 145 (4th

Appellate Case: 16-1697 Page: 6 Date Filed: 08/04/2017 Entry ID: 4565061

Cir.1996) (holding that, in order to constitute submission, "the suspect must *clearly* acquiesce to the officer's show of authority") (emphasis of *Salazar* Court)).

Other circuit courts have similarly interpreted *Hodari D.* and found actual submission requires more than simply halting temporarily. *See U.S. v. Waterman*, 569 F.3d 144, 145–46, 146 n.3 (3d Cir. 2009) (stating *Hodari*'s holding regarding submission "would seem to require something more than a momentary pause or mere inaction"); *U.S. v. Washington*, 12 F.3d 1128, 1132 (D.C. Cir. 1994) ("[The Defendant] initially stopped, but he drove off quickly before [the officer] even reached the car. Because [the defendant] did not submit to [the officer's] order, he was not seized within the meaning of the Fourth Amendment."); *Letsinger*, 93 F.3d at 145 ("[W]e believe that the suspect must clearly acquiesce to the officer's show of authority. . ."); *U.S. v. Hernandez*, 27 F.3d 1403, 1406–07 (9th Cir. 1994) (pausing momentarily, then fleeing, is not a submission to police authority); *see also U.S. v. Stover*, 808 F.3d 991 (4th Cir. Dec. 18, 2015) (defendant only submitted to police authority when confronted by an armed officer in front of his car, but had not submitted prior to that when officers blocked defendant's vehicle, drew their weapons, and approached defendant immediately without asking if they could speak with him).

In addition to *Waterman*, the Third Circuit Court of Appeals has addressed this issue in *U.S. v. Valentine*, 232 F.3d 350, 359 (3d Cir. 2000). In *Valentine*,

{01947285.DOCX;1}

Appellate Case: 16-1697 Page: 7 Date Filed: 08/04/2017 Entry ID: 4565061

three officers in uniform and in a marked car exited their vehicle and approached three men in a parking lot based on a tip (man with a gun). *Id.* at 352–53. The men began to walk away from the officers. *Id.* at 353. The officers ordered the suspect at issue "to stop, and he obeyed, putting his hands up and walking toward the squad car." *Id.* After directing the suspect to place his hands on the car, the suspect charged the officer. *Id.* During the scuffle, the suspect's gun fell onto the ground. *Id.*

The *Valentine* Court discussed precedent and determined no seizure had occurred, as follows:

> Under some circumstances we have held that a defendant was seized despite his subsequent flight. In *United States v. Coggins*, 28 V.I. 241, 986 F.2d 651, 653-54 (3d Cir. 1993) police officers stopped the defendant in a stairwell at an airport and asked him a number of questions, which he answered. After the defendant later asked permission to go to the bathroom and was allowed to leave, he fled. On appeal we rejected the government's argument that the defendant had not been seized.
>
> But Valentine's case is easily distinguishable, for his momentary "compliance" is a far cry from the lengthy detention in *Coggins*. *Cf. United States v. Hernandez*, 27 F.3d 1403, 1407 (9th Cir.

Appellate Case: 16-1697 Page: 8 Date Filed: 08/04/2017 Entry ID: 4565061

1994) (The defendant's momentary hesitation and direct eye contact with officer prior to his flight did not constitute a seizure.); *United States v. Sealey*, 30 F.3d 7, 10 (1st Cir. 1994) (A defendant was not seized when an officer approached him and called out, "Hey Stephen, what's up?"); *United States v. Washington*, 304 U.S. App. D.C. 263, 12 F.3d 1128, 1132 (D.C. Cir. 1994) (The defendant was not seized when he stopped his car at the curb in response to police commands, but then sped away when the officer approached on foot.). Even if Valentine paused for a few moments and gave his name, **he did not submit in any realistic sense to the officers' show of authority**, and therefore there was no seizure until Officer Woodard grabbed him.

*Id.* at 359 (emphasis added).

## III. *The divided panel was faced with an issue of exceptional importance pertaining to the nature of a stop, a seizure, and the interpretation of* Hodari D.

Here, Appellants urge the Eighth Circuit (en banc) to direct its attention to the nature of the interaction according to Appellee's allegations:

- Officer Wilson directed Appellee to "Get the f*ck on the sidewalk";
- Appellee did not allege that he ever complied with Officer Wilson's singular verbal command;

{01947285.DOCX;1}

Appellate Case: 16-1697 Page: 9 Date Filed: 08/04/2017 Entry ID: 4565061

- Officer Wilson did not command Appellee to stop or freeze;
- Officer Wilson did not address (by command, question, or otherwise) Appellee after he stopped his vehicle at an angle;
- Officer Wilson did not get out of his vehicle before the first discharge of his firearm;
- Officer Wilson did not touch Appellee;
- Officer Wilson did not shoot Appellee; and
- Appellee ran away.

These facts, if assumed to be true, fall short of a seizure under the Fourth Amendment, as the state of the law was on August 9, 2014.[2] On August 9, 2014, the law was not clearly established that any "seizure" occurred or any Fourth Amendment right would be violated where an officer stops his car in front of an individual without addressing or giving any sort of command to the individual after stopping, the officer is unable to exit his vehicle due to engaging another

[2] The United States Supreme Court has stated, "Today, it is again necessary to reiterate the longstanding principle that 'clearly established law' should not be defined at a 'high level of generality' . . . . As the Court explained decades ago, the clearly established law must be 'particularized' to the facts of the case." *White v. Pauly*, 137 S.Ct. 548, 552 (U.S. Jan. 9, 2017) (internal citations omitted). "Otherwise, [p]laintiffs would be able to convert the rule of qualified immunity. . . into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights." *Id.* (internal citations and quotations omitted).

individual, the individual runs away, and the individual is not stricken by any bullet fired by the officer.

This situation is like a driver who stops for a vehicle stop but flees before the officers reach the vehicle window, or where an individual momentarily complies with commands by stopping his movement away from police with his arms in the air but then ceases compliance. In fact, the allegations here fall further from a seizure because Appellee did not allege any order was given after the police vehicle was stopped at an angle, and the only other order given (to get on the sidewalk) was not obeyed.

*IV. The divided panel's statement of the issue should be reframed upon a rehearing in order to address the issue of exceptional importance*.

The divided panel's statement of the issue was as follows:

> At the time of the incident in this case, the law was sufficiently clear to inform a reasonable officer that it was unlawful to use deadly force against nonviolent, suspected misdemeanants who were not fleeing or resisting arrest, posed little or no threat to the officer or public, did not receive verbal commands to stop, and whose only action was to stop walking when a police car blocked their path. As a result, a reasonable officer in Officer Wilson's position would not

Appellate Case: 16-1697 Page: 11 Date Filed: 08/04/2017 Entry ID: 4565061

> have shot his gun and the district court correctly denied qualified immunity to Officer Wilson at this stage in the proceedings.

Opinion, p. 12. Appellants respectfully state the issue of whether the discharge of a firearm constitutes excessive force depends on the finding of a seizure, and the Eighth Circuit has previously followed Supreme Court precedent in holding that the discharge of a firearm which does not contact the fleeing suspect and does not produce a stop is not a seizure. *See Cole v. Bone*, 993 F.2d 1328, 1333 (8th Cir. 1993) ("The pursuit in and of itself did not constitute a seizure, because it did not produce a stop. . . . Likewise, shots that were fired at the truck and that did not hit Cole were not seizures because they too failed to produce a stop.") (*citing Hodari D.*, 111 S. Ct. at 1552 (*citing Brower v. County of Inyo*, 489 U.S. 593, 596 (1989))). The alleged excessive force (gun shots) did not strike Appellee, and therefore did not produce a stop and result in a seizure.

Circuit Judge Roger Wollman authored a dissent in this matter and aptly highlighted the exceptional importance of the issue by citing to conflicting United States Supreme Court precedent. Opinion, p. 16 (Wollman, J., dissenting) ("I would reverse the district court's judgment and remand with directions to dismiss the complaint."). Judge Wollman cited to *Hodari D.*, *Brendlin*, *Brower*, *Tennessee v. Garner*, 471 U.S. 1 (1985), and *Hester v. United States*, 265 U.S. 57, 58 (1924)

Appellate Case: 16-1697 Page: 12 Date Filed: 08/04/2017 Entry ID: 4565061

(cited by *Hodari D.*) in concluding there was no actual submission by Appellee to Officer Wilson.

The majority of the divided panel discussed *Brower* and the facts of *Brendlin* in arriving at its conclusion. In *Brower*, the late Justice Scalia held there was no seizure in a vehicular pursuit until the roadblock produced a stop (the fleeing suspect crashed into the roadblock) through means intentionally applied. 489 U.S. at 597–99. *Brower* did not need to address the nature of the stop by the fleeing suspect, as the initial stopping of the fleeing suspect was the terminal and fatal stoppage. *Id.* at 594.

In *Brendlin*, Justice David Souter authored an opinion finding the passenger of a vehicle (stopped by law enforcement) was seized under the Fourth Amendment. 551 U.S. at 263. However, in *Brendlin*, the nature of the interaction between police and the suspect was such that the police were able to call for backup, to verify whether the suspect dropped out of parole supervision, to ask the suspect to identify himself, and to order him out of the car. *Id.* at 252. *Brendlin* did not involve a momentary pause or a fleeing suspect, but a situation where the stop allowed the police to confirm details and issue orders pursuant to the arrest. *See id.* Here, there is no allegation Officer Wilson had the time, or the opportunity, to engage Appellee in any manner. Rather, Appellee alleged from the time Officer Wilson stopped at an angle to the first discharge of his firearm, Officer Wilson

Appellate Case: 16-1697 Page: 13 Date Filed: 08/04/2017 Entry ID: 4565061

grabbed Michael Brown and Michael Brown was in a struggle to break free. Most importantly, Appellee ran away, where the suspect in *Brendlin* did not.

*Hodari D.* and the above circuit decisions confirm where a show of authority does not produce a stop, it is immaterial whether a reasonable person would have perceived he or she was not free to leave when determining a seizure. *See Hodari D.*, 499 U.S. at 628. These decisions also affirm the notion that an individual stopping is not determinative as to whether the stop becomes a seizure under the Fourth Amendment. *See U.S. v. Salazar*, 609 F.3d 1059, 1061–62, 1066–67 (10th Cir. 2010); *U.S. v. Waterman*, 569 F.3d 144, 145–46, 146 n.3 (3d Cir. 2009); *U.S. v. Baldwin*, 496 F.3d 215, 219 (2d Cir. 2007); *U.S. v. Valentine*, 232 F.3d 350, 359 (3d Cir. 2000); *U.S. v. Letsinger*, 93 F.3d 140, 145 (4th Cir.1996); *U.S. v. Washington*, 12 F.3d 1128, 1132 (D.C. Cir. 1994); *U.S. v. Hernandez*, 27 F.3d 1403, 1406–07 (9th Cir. 1994). Rather, the nature of the interaction is what informs the Court as to whether a stop becomes a seizure.

## CONCLUSION

The issue of how this circuit determines whether an individual (assuming, *arguendo*, a show of authority) not physically touched is seized within the meaning of the Fourth Amendment is of exceptional importance to the Eighth Circuit and is addressed by the above circuit courts. The importance and conflicting nature of the panel's decision is highlighted by Judge Wollman's dissenting opinion. Even

Appellate Case: 16-1697 Page: 14 Date Filed: 08/04/2017 Entry ID: 4565061

if Appellee alleged he physically stopped, he failed to allege a seizure based on the nature of the interaction alleged. Appellants respectfully request that this Court rehear the matter, and upon rehearing and consideration of the nature of Appellee's interaction, find Appellee has failed to allege a seizure and reverse the District Court with instructions to dismiss Appellee's cause of action.

/s/ Peter J. Dunne

Peter J. Dunne
Robert T. Plunkert
PITZER SNODGRASS, P.C.
Attorneys for
Defendants/Appellants/Cross-Appellees
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: dunne@pspclaw.com
Email: plunkert@pspclaw.com

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 4th day of August 2017, to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF:

Mr. Daniel R. Brown
Attorney for Plaintiff
9100 Overland Plaza
Overland, Missouri 63114
dbrown@smithbrownllc.com

Mr. James M. Williams (pro hac vice)
Ms. Inemesit U. O'Boyle (pro hac vice)
Attorneys for Plaintiff
One Galleria Blvd., Suite 1100
Metairie, Louisiana 70001
jmw@chehardy.com
iuo@chehardy.com

/s/ Peter J. Dunne