CASE NO. 16-1697

# IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

———————————————

DORIAN JOHNSON,
*Appellee/Plaintiffs*

v.

THE CITY OF FERGUSON, MISSOURI; FERGUSON POLICE CHIEF THOMAS JACKSON, AND FERGUSON POLICE OFFICER DARREN WILSON,
*Appellant/Defendant*

———————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION CAUSE NO. 4:15-CV-00832 AGG, THE HONORABLE AUDREY G. FLEISSIG,

———————————————

APPELLEE'S OPPOSITION TO APPELLANT/DEFENDANTS' PETITION FOR REHEARING EN BANC

———————————————

JAMES M. WILLIAMS
INEMESIT O'BOYLE
*Chehardy, Sherman, Williams,*
*Murray, Recile, Stakelum,*
*& Hayes, LLP*
One Galleria Blvd., Suite 1100
Metairie, Louisiana 70001
504-833-5600

DANIEL R. BROWN
*Smith Brown, LLC*
9100 Overland Plaza
Overland, Missouri 63114
314-467-0527

*Counsel for Appellee*

# **STATEMENT REGARDING ORAL ARGUMENT**

Appellee Dorian Johnson, respectfully requests oral argument because he believes argument will assist the Court in its analysis of the issues presented on appeal, and will enable counsel to address any questions the Court may have.

2

# **TABLE OF CONTENTS**

STATEMENT REGARDING ORAL ARGUMENT ................................................2

TABLE OF CONTENTS..................................................................................3

TABLE OF AUTHERITIES ............................................................................4

STATEMENT OF THE CASE..........................................................................5

LAW AND ARGUMENT .................................................................................6

    A.    California v. Hodari D. is distinguishable from the case
           at bar ……….………………………………………….............6

    B.    It is well established that whether or not submission amounts
           to seizure is not predicated on the length of time plaintiff submitted
           to officer's authority…………….……………………………..8

    C.    Appellee Dorian Johnson did submit to appellant Officer Wilson's
           show of authority pursuant to the holding in
           Brower v. County of Inyo …………………..…………………12

CONCLUSION.................................................................................................14

CERTIFICATE OF COMPLIANCE.....................................................................16

STATEMENT OF COMPLIANCE WITH RULE 28A(H)(2) ..............................16

CERTIFICATE OF SERVICE ...........................................................................17

# TABLE OF AUTHORITIES

U.S. Const. amend. IV………………………………………………………………..15

## **JURISPRUDENCE**

Brendlin v. California, 551 U.S. 249 (2007)..……………………………………….11

Brower v. County of Inyo, 489 U.S. 593, 597, 109 S. Ct. 1378,
103 L. Ed. 2d 628……………………………………………………….……………14

California v. Hodari D., 499 U.S. 621, 628………………………………………….8

Florida v. Bostick, 501 US 429, 434, 111 S. Ct. 2382, 115 L. Ed. 2d
389……………………………………………..………………………………………14

United States v. Baldwin, 496 F.3d 215,219 (2d Cir.
2007)………………………...…………………………………………………………10

United States v. Mendenhall, 446 US 544,554, 100S. Ct 1870, 64 L. Ed. 2d
497………………………………………………………………………………..…14

United States v. Salazar, 609 F. 3d 1059, 1062 (10th Cir. 2010)…………………12

United States v. Valentine, 232 F.3d 350, 359 (3rd Cir. 2000)…………………...13

## I. STATEMENT OF THE CASE

On August 9, 2014, Appellee Dorian Johnson was walking down Canfield Drive in Ferguson, Missouri with his companion, Michael Brown, Jr., when Appellant Officer Darren Wilson passed the pair in a marked police vehicle and ordered them to "*Get the f\*ck on the sidewalk.*" Appellant Officer Darren Wilson continued to drive his vehicle several yards, then abruptly put his vehicle into reverse and parked his vehicle at an angle so as to block the paths of both Appellee Dorian Johnson and Brown. Appellant Officer Darren Wilson stopped his vehicle just inches from Brown and forcefully opened his door, striking Brown. Appellant Officer Darren Wilson then reached through his window and grabbed Brown, who was closer to Appellant Officer Darren Wilson than Appellee Dorian Johnson. Appellant Officer Darren Wilson thereafter threatened to shoot his weapon. As Brown struggled to break free, Appellant Officer Darren Wilson discharged his weapon, striking Brown in the arm. Surprised by Appellant Officer Darren Wilson's use of excessive force and fearing for his life, Appellee Dorian Johnson ran away from Appellant Officer Darren Wilson simultaneously with Brown. It is important to note, that up until the point where he ran away in fear of his life, yet after having been seized by Officer Darren Wilson when his movement was restricted by Officer Wilson's patrol vehicle and overt actions, Appellee Dorian Johnson did not make any movements towards Officer Wilson and did not flee, in other words Dorian

5

Johnson was fully compliant. Despite this fact, without any provocation by Appellee Dorian Johnson and without any legal justification, Appellant Officer Darren Wilson withdrew his weapon and fired it at Appellee Dorian Johnson and Michael Brown, Jr. as they fled and ran away from him. Appellee Dorian Johnson was being fired upon as he ran away from Officer Darren Wilson and sought shelter behind parked cars. Appellant Officer Darren Wilson's gunfire struck Brown several more times, resulting in Brown's death.

## II. LAW AND ARGUMENT

### A. California v. Hodari D. is Distinguishable from the Case at Bar

In their Petition for Rehearing En Banc, Appellants contend that the "*the Eighth Circuit's decision must comply with California v. Hodari D.*".[1] As support for their assertion, they describe the holding in that case as a declaration that, "*a seizure does not occur where subject does not yield to a show of authority with respect to an application of physical force.*" In Hodari D., the Supreme Court actually held that where an officer makes a showing of authority, seizure is not perfected until the subject complies with the officer's showing of authority.[2]

In that case, two officers were on patrol when they saw four or five youths huddled around the curb.[3] When the youth saw the officers approaching, they fled

---

[1] See Appellants/Defendants Petition for Rehearing En Banc, Page 4
[2] California v. Hodari D., 499 U.S. 621, 629, 111 S. Ct. 1547, 1548, 113 L. Ed. 2d 690 (1991)
[3] California v. Hodari D., 499 U.S. 621, 623, 111 S. Ct. 1547, 1548, 113 L. Ed. 2d 690 (1991)

6

in different directions.[4] The officers never instructed the youths to stop, but were suspicious and gave chase.[5] Soon thereafter, Respondent was subdued and handcuffed.[6] The Court reasoned that a seizure occurs "*when the officer, by means of physical force or show of authority, has in some way restrained the liberty of citizen.*"[7] For the purposes of that decision, the Court accepted as true that the arresting officer's pursuit qualified as a show of authority calling for Respondent to stop.[8] Respondent did not surrender to that showing of authority at any point prior to the application of physical force.[9] As such, the Court ultimately held that Respondent's failure to submit to that showing of authority meant that he was not seized until the moment he was tackled by the arresting officer.[10]

Unlike the Respondent in Hodari D., Appellee Dorian Johnson did not flee when he saw Officer Wilson and heard the officer command him to "*Get the f\*ck on the sidewalk*". Moreover, Appellee Johnson stopped traveling when Officer Wilson further asserted his authority by parking his vehicle at an angle blocking the paths of both Appellee Johnson and Brown. Unlike the Respondent in Hodari D., who did not surrender to the officer's showing of authority at any point prior to the

---

[4] Id. at 623
[5] Id.
[6] Id.
[7] Id. at 626
[8] Id.
[9] Id.
[10] Id. at 629

7

application of physical force, Appellee Dorian Johnson submitted to Appellants showing of authority once he stopped walking in response to Officer Wilson's verbal commands and physical barricade. In fact, Appellee remained in position of submission until Officer Wilson used excessive force in discharging his weapon. As such, in concurrence with the holding in <u>Hodari D.</u>, Appellee was seized the moment he halted in submission to Officer Wilson's verbal instruction and subsequent physical obstruction of Appellee's walk way.

For the forgoing reasons, it is Appellee's contention that the Eighth Circuit decision is consistent with <u>Hodari D.</u>

    **B.**    **It is Well-Established That Whether or Not A Submission Amounts to Seizure is Not Predicated on the Length of Time Plaintiff Submitted to Officer's Authority**

In Appellants' Petition for Rehearing En Banc they imply that Appellee Dorian Johnson's interaction with Officer Wilson did not amount to a seizure because Appellee, fearing for his life, fled from Officer Wilson shortly after submitting to his showing of authority.[11] As support for this assertion, Appellants suggest that "*several courts have found where a stop is temporary and there is no actual submission, there is no seizure under the Fourth Amendment*."[12] However, it is already established that whether or not a subject's response to a showing of

---

[11] See Appellants/Defendants Petition for Rehearing En Banc, pages 5-9
[12] See Appellants/Defendants Petition for Rehearing En Banc, page 5

8

authority is sufficient to classify the interaction as a seizure is not predicated on the brevity of that response.[13] Moreover, the Supreme Court has clearly articulated that *"what may amount to submission depends on what a person was doing before the showing of authority: a fleeing man is not seized until he is physically overpowered, but one sitting in a chair may submit to authority by not getting up to run away*."[14] In other words, *"it is the nature of the interaction, not the length that matters*."[15] In order to circumvent this authority, Appellants attempt to classify Appellees submission to Officer Wilson's showing of authority as a "temporary, momentary pause, or inaction".[16]

As support for their inference that Appellee Johnson's subsequent flight invalidated his submission to Officer Wilson's showing of authority, Appellants first cite the Second Circuit's holding in US v. Baldwin. [17] In that instance, the Court held that in order to "*comply with an order to stop—and thus become seized—a suspect must do more than halt temporarily; he must submit to police authority, for 'there is no seizure without actual submission'*"[18] There, the court reasoned that the defendant momentarily stopping his vehicle in response to police sirens did not

---

[13] See Appellants/Defendants Petition for Rehearing En Banc, page 6; United States v. Baldwin, 496 F. 3d 215, 219 (2d Cir. 2007).
[14] Brendlin v. California, 551 US 249, 256-57 (2007)
[15] Baldwin, 496 F. 3d at 219
[16] See Appellants/Defendants Petition for Rehearing En Banc, 2
[17] See Appellants/Defendants Petition for Rehearing En Banc, page 6
[18] Baldwin, 496 F. 3d at 218

9

constitute submission to police authority, as required for stop to establish a seizure within the meaning of the Fourth Amendment because as police approached the defendant's vehicle on foot, defendant leaned out the window, peered back at them, and he sped away from the clearly disadvantaged officers.[19] The Court further noted, "*Baldwin's conduct, <u>all circumstances considered</u>, amounted to evasion of police authority, not submission.*"[20]

Appellant also attempted to use the Tenth Circuit's decision in <u>U.S. v. Salazar</u> as support for their conclusions.[21] This case is easily distinguishable as well. There, the pursuing officer activated his emergency lights in order to signal the suspect to pull over.[22] Initially, the suspect drove his car toward the pursuing officer.[23] However, when the pursuing officer shined his spotlight on the suspect's vehicle the suspect immediately reversed his car and fled the officer.[24] Noting the fact that in order to constitute submission, "*the suspect must clearly acquiesce to the officer's show of authority*", the Court reasoned that a prudent, cautious, and trained officer could have interpreted the suspect's actions (1) a nascent attempt to flee, (2) an effort to buy time so that he could dispose of contraband or formulate an explanation to provide to the officer, or (3) simply a period of indecision before he determined what

---

[19] <u>Id.</u>
[20] <u>Id.</u>
[21] See Appellants/Defendants Petition for Rehearing En Banc, 6
[22] <u>United States v. Salazar</u>, 609 F.3d 1059, 1062 (10th Cir. 2010)
[23] <u>Id</u>.
[24] <u>Id</u>.

10

Appellate Case: 16-1697    Page: 10    Date Filed: 08/24/2017 Entry ID: 4572280

to do.[25] In light of those reasonable interpretations of the plaintiff backing up his pickup truck, the Court held that the plaintiff was not seized until he submitted to the officer's showing of authority by obeying the command to get out of his truck.[26]

Finally, Appellant cites the Third Circuit's holding in US v. Valentine.[27] There, three officers in uniform approached three men in a parking lot and ordered the men to stop.[28] Initially, the suspect obeyed, raised his hands, and walked towards the squad car.[29] However, after the officer directed the suspect to place his hands on the vehicle one of the suspects charged the officer.[30] Ultimately, the Court found that under these circumstances even if the plaintiff had paused for a few moments and given his name, he did not submit in any realistic sense to the officers' show of authority, and therefore was not seized until he was grabbed by the pursuing officer.[31]

Despite Appellant's crafty attempt to draw parallels between Appalled Dorian Johnson's actions and the behaviors of the subjects in Baldwin, Salazar, and Valentine, Appellee Dorian Johnson's actions clearly support the conclusion that his intentions to submit were clear and not mere inaction or a momentary pause. Not

---

[25] Id. at 1067
[26] Id.
[27] See Appellants/Defendants Petition for Rehearing En Banc, page 7
[28] US v. Valentine, 232 F. 3d 350, 359 (3d Cir. 2000)
[29] Id. at 353
[30] Id.
[31] Id. at 359

11

Appellate Case: 16-1697   Page: 11   Date Filed: 08/24/2017 Entry ID: 4572280

only did Appellee submit to Officer Wilson when the lawman blocked his path with his vehicle, he remained standing in that position for the duration of Officer Wilson's altercation with Brown. Appellee did not flee from Officer Wilson until after, without any provocation, Officer Wilson discharged his weapon in Appellee's direction. There is no reason to believe Appellee Dorian Johnson would have run away from Officer Wilson absent his use of excessive force. When all circumstances are considered, the fact that Appellee Dorian Johnson eventually fled from Officer Wilson does not negate the fact that he <u>first</u> completely submitted to Officer Wilson's showing of authority by stopping and remaining still when Officer Wilson parked his marked police vehicle in Appellee Wilson and Brown's path and then up and until he feared for his life.

### C. Appellee Dorian Johnson Did Submit To Appellant Officer Wilson's Show of Authority Pursuant to The Holding In <u>Brower v. County of Inyo</u>.

A person is seized and thus entitled to challenge the government action pursuant to the Fourth Amendment when officers, by physical force or a show of authority, terminate or restrain the person's freedom of movement through means intentionally applied.[32] As discussed above, where police actions do not show an unambiguous intent to restrain or when an individual's submission takes the form of

---

[32] <u>Florida v. Bostick</u>, 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389; <u>Brower v. County of Inyo</u>, 489 U.S. 593, 597, 109 S.Ct. 1378, 103 L.Ed.2d 628.

passive acquiescence, the test for telling when a seizure occurs is whether, in light of all the surrounding circumstances, a reasonable person would have believed he was not free to leave.[33] However, the Supreme Court has held that "*a road block is not just a significant show of authority to induce a voluntary stop, but it is designed to produce a stop by physical impact if voluntary compliance does not occur.*"[34]

The Supreme Court addressed this issue specifically in Brower v. County of Inyo.[35] There, the Court explained that because the subject was stopped by the instrumentality set in motion or put in place to stop him, the subject established the basis for claim of Fourth Amendment "seizure."[36] The subject in this matter fled the police and led the pursuing officers on a high speed chase.[37] In response, the officers parked a truck across the highway, blocking the path of the fleeing subject.[38] The subject was stopped when his vehicle crashed into that roadblock.[39] Ultimately, the Court held that it was "enough for a seizure" that the subject was stopped by the very roadblock that was placed in the highway as a physical obstacle to stop him.[40] That holding was consistent with the language, history, and judicial construction of the Fourth Amendment, which states that a seizure occurs when governmental

---

[33] *E.g.,* United States v. Mendenhall, 446 U.S. 544, 554, 100 S.Ct. 1870, 64 L.Ed.2d 497
[34] Brower v. County of Inyo., 489 US 593, 598 (1989)
[35] Id. at 599
[36] Id. at 594
[37] Id.
[38] Id.
[39] Id.
[40] Id. at 598

13

termination of a person's movement is effected through means intentionally applied.[41]

Just like the officer in Brower, who blocked the path of the subject there by parking a truck across the highway, Officer Wilson blocked Appellee Dorian Johnson's path by parking his police vehicle at angle to obstruct the passage of Appellee and Brown. Having the same motivation as the officers there, Officer Wilson set the vehicle in Appellee and Brown's path to prevent them continuing their course. In response to this instrumentality, Appellee halted and submitted to Officer Wilson's show of authority. In concurrence with the Court in Brower, the Eighth Circuit concluded that it was "*enough for a seizure*" that Appellee Dorian Johnson was stopped by the very roadblock that was placed in his path as a physical obstacle to stop him.[42]

## III. CONCLUSION

Based on the forgoing authority, the Eighth Circuit properly determined the issue regarding whether an individual who was not physically subdued is seized within the meaning of the Fourth Amendment. The nature of Appellee's interaction with Officer Wilson established an act of submission to a show of authority which was sufficient to qualify as a seizure pursuant to the Fourth Amendment. As such,

---

[41] U.S. Const. amend. IV
[42] See Eighth Circuit Opinion Filed 7/25/2017 and Corrected July 12, 2017, Page 8

14

Appellee respectfully requests that this Court affirm its previous findings that the District Court did not err in denying Appellants' claim for qualified immunity.

Respectfully submitted,

CHEHARDY, SHERMAN, WILLIAMS,
MURRAY, RECILE, STAKELUM
& HAYES, LLP

*/s/ James M. Williams*

_____
JAMES M. WILLIAMS, BAR NO. 26141
INEMESIT O'BOYLE, BAR NO. 30007
One Galleria Boulevard, Suite 110
Metairie, Louisiana 70001
Telephone: (504) 833-5600
Facsimile: (504) 833-8080
Email: jmw@chehardy.com
iuo@chehardy.com

-AND-

SMITH BROWN, LLC

DANIEL R. BROWN, MO Bar #59749
9100 Overland Plaza
Overland, Missouri 63114
Telephone: (314) 467-0527
Facsimile: (314) 754-9353
Email: dbrown@smithbrownllc.com

15

Appellate Case: 16-1697   Page: 15   Date Filed: 08/24/2017 Entry ID: 4572280

## **CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32 (a)(7)(B) because this brief contains 2,432 words, excluding the parts of the brief exempted by Fed. R. App. P. 32 (a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14 point font.

## **STATEMENT OF COMPLIANCE WITH RULE 28A(H)(2)**

This brief complies with 8th Cir. Rule 28 (A)(h)(2) because it has been scanned for viruses and is virus-free.

*/s/ James M. Williams*
_____
JAMES M. WILLIAMS

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2017, Appellee's Opposition Brief was electronically submitted with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Upon approval by the Court, copies of the foregoing will be served via U.S. Mail to:

Peter J. Dunne, Esq.
Robert Plunkert, Esq.
Pitzer Snodgrass, PC
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102
dunne@pspclaw.com
plunkert@pspclaw.com


*/s/ James M. Williams*
_____
JAMES M. WILLIAMS

17

Appellate Case: 16-1697   Page: 17   Date Filed: 08/24/2017 Entry ID: 4572280